IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. WILSON,

Plaintiff, No. 2:11-cv-0936 DAD

vs.

CAROLYN W. COLVIN, Commissioner of Social Security, ORDER

Defendant.

_________________________________/

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

On May 24, 2007, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), alleging disability beginning on January 16, 2007. (Transcript (Tr.) at 161.) Plaintiff's application was denied initially and on reconsideration. (Id. at 69-79.) A hearing was held before an Administrative Law Judge (ALJ)

on October 26, 2009. (Id. at 28-66.) Plaintiff was represented by counsel and testified at the administrative hearing. In a decision issued on December 14, 2009, the ALJ found that plaintiff was not disabled. (Id. at 23.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since January 16, 2007, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: chronic neck pain status post fusion surgery, low back pain with radiculopathy, and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, lifting/carrying 20 pounds occasionally, lifting/carrying 10 pounds frequently, standing/walking 6 hours in an 8 hour day, sitting 6 hours in an 8 hour day, never balancing, never climbing ladders/ropes/scaffolds, avoiding work at unprotected heights or around dangerous moving machinery, and occasionally flexing the neck. (20 CFR 404.1567(b); Social Security Rulings 83-10 and 96-8p).
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on May 19, 1961 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can

perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 16, 2007 through the date of this decision (20 CFR 404.1520(g)).

(Id. at 18-23.)

On February 14, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 2-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 7, 2011.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ erred with respect to his treatment of the medical opinion evidence; (2) the ALJ rejected plaintiff's testimony concerning his subjective symptoms without a clear and convincing reason for doing so; and (3) the ALJ failed to consider the combined effect of plaintiff's impairments when questioning the Vocational Expert ("VE")

who testified at the administrative hearing and, as a result, the VE's testimony was based on an incomplete hypothetical.[1]

## I. Medical Opinion Evidence

Plaintiff argues that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Richard Swenson, and improperly relied upon the opinions of non-examining state agency physicians. (Pl.'s MSJ (Doc. No. 16) at 12-14.[2]) In this regard, on October 22, 2009, Dr. Swenson completed a Physical Residual Functional Capacity Questionnaire form with respect to plaintiff. (Tr. at 382-86.) Therein, Dr. Swenson answered questions concerning his diagnosis of plaintiff, plaintiff's symptoms, clinical findings and plaintiff's treatment and his response to that treatment. (Id. at 383.)

Dr. Swenson also expressed his opinion with respect to plaintiff's physical limitations. Specifically, Dr. Swenson stated that, among other limitations, in a typical workday plaintiff would constantly experience pain or other symptoms that would interfere with his attention and concentration, that plaintiff could only sit or stand at any one time between zero and five minutes, because he is "constantly changing positions," that plaintiff can only sit and stand a total of less than two hours in an eight-hour workday, that plaintiff can only lift and carry less than ten pounds and that, in Dr. Swenson's opinion, plaintiff is "unable to work." (Id. at 383-84.)

The ALJ's opinion, acknowledged Dr. Swenson's October 22, 2009 opinion but criticized it, stating:

> Dr. Swenson's opinion was quite conclusory, providing no explanation of the evidence relied on in forming that extremely limiting opinion (Exhibit 17 F). While it appears that Dr. Swenson

---

[1] Although plaintiff's motion asserts six purported claims of error, as is evident from plaintiff's motion, those errors are accurately characterized as three unique errors and will therefore be addressed as such herein.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> had a treating relationship with the claimant, it is not clear that the doctor was familiar with the definition of 'disability' contained in the Social Security Act and Regulations, and the opinion of disability is an issue reserved to the Commissioner. Specifically, it is possible that Dr. Swenson was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision.

(Id. at 21.) Although the ALJ did not expressly reject Dr. Swenson's opinion, in light of the ALJ's criticism of that opinion quoted above and the ALJ's finding with respect to plaintiff's residual functional capacity, it appears that the ALJ gave little weight to Dr. Swenson's opinion.

Dr. Swenson was plaintiff's treating physician. As plaintiff's treating physician, Dr. Swenson's opinion was entitled to considerable weight. In this regard, the weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Here, the ALJ rejected treating physician Dr. Swenson's opinion because it was "quite conclusory, providing no explanation of the evidence relied on . . ." (Tr. at 22.) As noted above, Dr. Swenson's opinion is found in his answers to the Physical Residual Functional Capacity Questionnaire form. The questions found in that form are a mixture of the sort calling for either short or check-the-box answers. Dr. Swenson answered every question found in that form, and his answers provided that plaintiff's diagnoses included Spondyloysis and Cervicalgia,

that plaintiff had been treated with neck surgery, physical therapy, rest and pain medications, and that an MRI exam of plaintiff indicated "L-5 possible disc issues . . ."[3] (Id. at 382.) In this regard, Dr. Swenson's opinion does not appear to have been conclusory. See Howell v. Commissioner Social Sec. Admin., No. 08-35784, 349 Fed. Appx. 181, 184 (9th Cir. Oct. 20, 2009) ("An ALJ ought not dismiss a treating physician's testimony merely because it was contained on such a form."); see also Lubin v. Commissioner of Social Sec. Admin., No. 11-35262, 2013 WL 485295, at *1 (9th Cir. Feb. 8, 2013)[4] ("After years of treating Lubin for anxiety, depression, and stress, Dr. Mechling completed a mental residual functional capacity assessment and found Lubin moderately-to-markedly limited in almost all areas. As the physician who treated Lubin for depression and anxiety, Dr. Mechling was especially qualified to determine Lubin's mental functional capacity and limitations."); Lester, 81 F.3d at 833 ("The treating physician's continuing relationship with the claimant makes him [or her] especially qualified . . . to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment.").

Curiously, although the ALJ found Dr. Swenson's opinion to be conclusory, and thus apparently afforded it less weight, the ALJ did not make the same finding with respect to the opinions of non-examining physicians Dr. Pham and Dr. Bianchi and appears to have afforded their opinions, along with the opinion of non-examining physician Dr. Cox, greater weight than was afforded to that of treating physician Dr. Swenson. (Tr. at 22.) Dr. Pham and Dr. Bianchi's opinions, however, are unquestionably more conclusory than that of Dr. Swenson, since their opinions are found on forms that provided only for check-the-box answers. (Id. at 275-79, 283-87.)

---

[3] Moreover, the court notes that Dr. Swenson's treatment records were part of the record before the ALJ. (Id. at 322-353.)

[4] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Moreover, Dr. Pham, Dr. Bianchi and Dr. Cox were all non-examining physicians. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician."[5] Lester, 81 F.3d at 831 (emphasis in original).

The ALJ also appears to have rejected Dr. Swenson's opinion in part because Dr. Swenson stated in his October 22, 2009 opinion that plaintiff was unable to work. In this regard, the ALJ's opinion noted that "the opinion of disability is an issue reserved to the Commissioner." (Id. at 22.)

It is true that a treating physician's statement on an issue reserved to the Commissioner, such as the ultimate determination of whether a claimant is disabled, is not binding on the ALJ or entitled to special weight. See McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("The law reserves the disability determination to the Commissioner."). The ALJ was, therefore, not bound by Dr. Swenson's assertion that plaintiff was unable to work. However, the fact that a treating physician rendered an opinion on the ultimate issue of disability does not relieve the Commissioner of the obligation to state specific and legitimate reasons supported by substantial evidence for rejecting the treating physician's opinion. See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).

Here, the court finds that the ALJ failed to state clear and convincing, or even specific and legitimate reasons supported by substantial evidence in the record, for rejecting treating physician Dr. Swenson's opinion. Accordingly, the court finds that plaintiff is entitled to

[5] The court notes that in addition to being the opinion of plaintiff's treating physician, Dr. Swenson's opinion was also the most recent medical opinion before the ALJ. The Ninth Circuit has found that medical reports that are most recent are more highly probative than those which were rendered at some earlier time. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (finding medical evaluations prepared several months before the hearing in a case where the claimant had a worsening condition were not substantial evidence sufficient to rebut more recent conclusions reached by a treating physician) (citing Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985)).

summary judgment in his favor with respect to this claim.[6]

## II. Plaintiff's Testimony

Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony regarding his subjective symptoms and their severity. (Pl.'s MSJ (Doc. No. 16) at 14-17.) In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan, 169 F.3d at 599). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for

---

[6] In the pending cross motion for summary judgment, defendant points to additional potential reasons the ALJ could have discounted Dr. Swenson's opinion. (Def.'s MSJ (Doc. No. 22) at 12.) The court, however, is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Rather, the Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." See Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996). See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .").

truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).

Here, the ALJ's opinion acknowledged plaintiff's testimony regarding the severity of his symptoms and the limitations resulting therefrom, but rejected that testimony citing the daily activities engaged in by plaintiff and the lack of objective medical evidence in support of the described severity of symptoms and limitations, stating:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The claimant described daily activities which are not limited to the extent one would expect, given the complaints of disability symptoms and limitations.
>
> * * *
>
> The claimant complains of severe pain. It is the conclusion of the Administrative Law Judge that the pain experienced by the claimant is limiting, but when compared with the total evidence, not severe enough to preclude all types of work. The issue is not the existence of pain, but rather the degree of incapacity incurred because of it. While the claimant complains of severe pain, it does not seem reasonable to conclude from the findings in evidence that such could be the basis for the degree of pain alleged. The claimant does not appear to be experiencing progressive physical deterioration which might be expected when there is intense and continuous pain.
>
> That is not to say the claimant is pain-free, however, the evidence does not support a finding that his pain is disabling. It did not appear that the claimant's pain is of such frequency, intensity, or duration as to be disabling. The evidence of record failed to demonstrate the presence of pathological clinical signs, significant medical findings, or neurological abnormalities which would establish the existence of a pattern of pain of such severity that would contraindicate claimant's engaging in all substantial gainful activity.

(Tr. at 19-20.)

The ALJ's opinion, however, does not identify what alleged daily activities that plaintiff engaged in were inconsistent with his testimony in this regard. Moreover, it is well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). See also 20 C.F.R. § 404.1545(e).

In addition, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based *solely* on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (emphasis added). "[A]lthough an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion." Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). Here, the ALJ failed to make such findings.

For these reasons, the court finds that the ALJ's opinion does not offer specific, clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective symptoms and their severity. Accordingly, the court finds that plaintiff is also entitled to summary judgment in his favor with respect to this claim.

**III. Vocational Expert**

Finally, plaintiff argues that the ALJ erred by failing to consider the combined effect of plaintiff's impairments when questioning the VE and that, therefore, the VE's testimony

at the administrative hearing was based on an incomplete hypothetical. In this regard, plaintiff argues that because the ALJ improperly rejected Dr. Swenson's opinion, and plaintiff's own testimony concerning his subjective symptoms, the ALJ's hypothetical to the VE did not accurately reflect plaintiff's limitations. (Pl.'s MSJ (Doc. No. 16) at 18.) The court agrees.

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted).

Here, because the ALJ rejected treating physician Dr. Swenson's opinion, the ALJ's hypothetical question posed to the VE did not include the limitation that plaintiff could only sit and stand for a total of less than two hours in an eight-hour workday. (Tr. at 54.) Accordingly, the court finds that plaintiff is also entitled to summary judgment in his favor on this issue as well.

**CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, when the opinion evidence of plaintiff's treating physician is given the proper weight, the evidence of record demonstrates that plaintiff was disabled when Dr. Swenson rendered his opinion on October 22, 2009. In this regard, the VE testified that the limitations indicated by Dr. Swenson's opinion would preclude plaintiff from working, stating that with such limitations, "[a] person like that couldn't do full-time work." (Tr. at 61.) Thus, the ALJ incorrectly concluded that plaintiff had not been under a disability at any time from January 16, 2007 through December 14, 2009, the date of the ALJ's decision.

However, while it is clear that plaintiff was under a disability as of October 22, 2009, it is not clear from the administrative record before the court if the date of onset of disability is October 22, 2009, or sometime prior thereto.[7] See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (affirming remand to determine onset date where ALJ did not address the issue and evidence in the record did not establish onset date); Regennitter, 166 F.3d at 1300 (finding claimant disabled but remanding for determination of onset date); Armstrong v. Commissioner, 160 F.3d 587, 590 (9th Cir. 1998) (Where, after reviewing the record, the court found it unclear when the claimant's disabilities became disabling the case was remanded with instruction to determine when the claimant became disabled).

Accordingly, the court will remand the matter for further administrative proceedings consistent with this order and solely for the limited purpose of determining the correct date of onset of plaintiff's disability. See Widmark v. Barnhart, 454 F.3d 1063, 1065 (9th Cir. 2006) (reversing and remanding for proceedings consistent with the court's decision that the ALJ improperly rejected an examining physician's opinion).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 16) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 22) is denied;

---

[7] As noted above, plaintiff alleged an onset date of disability of January 16, 2007.

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 11, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/wilson0936.order